## Skibinzewski et al. v. Newhouse.

B. D. *Oliensis*, for plaintiffs; R. E. *Erwin*, for defendant.

MARTIN, P. J., July 26, 1929.—An action of trespass was instituted by plaintiffs against defendant. The writ and statement of claim were served personally on defendant June 26, 1923. No appearance was entered or affidavit of defense filed. The case was tried May 4, 1927, in the absence of defendant. Verdicts were rendered against him in favor of the plaintiff, Stanley Skibinzewski, for $10,000, and for the plaintiff, Joseph Skibinzewski, in the sum of $1500. Judgment was entered on the verdicts; a writ of *fi. fa.* issued, which was returned *nulla bona.* An attachment *sur* judgment was served on Joseph F. Newhouse, garnishee, executor of the estate of Mary A. Newhouse, deceased.

On Aug. 1, 1927, the defendant, Andrew Newhouse, filed a petition, averring that he was born July 22, 1904, and did not arrive at the age of twenty-one years until July 22, 1925; that on June 19, 1923, when the summons issued, he was a minor; that he had no guardian of his person or estate and no guardian *ad litem* was appointed; that he did not have knowledge of the institution of the suit, and for that reason did not cause an appearance to be entered by counsel or attend when the case was called for trial on May 12, 1927; that his first knowledge of the suit was on or about July 9, 1927, when he was informed that his interest in the estate of his mother had been attached under the judgment. A rule was granted to show cause why the judgment should not be struck from the record.

A similar petition was filed, and a rule was granted to show cause why the judgment should not be opened.

Answers to these petitions were filed on behalf of plaintiffs, denying that defendant had no knowledge of the institution of the suit or that he was ignorant of the proceedings, and averring that he was served personally with the summons and statement of claim; but it is not denied that he was a minor when the suit was instituted and when the writ and statement of claim were served upon him, and that he had no guardian and that no guardian *ad litem* was appointed. At the time of the trial, it is admitted that he was of full age and did not require a guardian.

The judgment is an adverse one and regular on its face: Yerkes *v.* Stetson, 211 Pa. 556.

There is no legal ground presented for striking it off. The rule to show cause why the judgment should not be struck off should be discharged.

No meritorious defense, either legal or equitable, has been presented in support of the rule to show cause why the judgment should not be opened. If it is in the power of the court to entertain an application at this late day, after

420

the expiration of the term in which the judgment was entered, the rule should be discharged.

The rule to show cause why the judgment entered in the above-entitled cause should not be struck off is discharged; and the rule to show cause why the judgment should not be opened and defendant let into a defense is discharged.