## Hess v. Gerhart

*Robert Ruppin,* for plaintiff; *Bard & Brown,* for defendant.

SCHAEFFER, J., March 4, 1933.—The plaintiff, a minor, by his father and next friend, brought an action of trespass against defendant for damages resulting from an automobile collision, alleged to have been caused by defendant's negligence. In the statement of claim, plaintiff claims the sum of $343.50 as damages. In the affidavit of defense, defendant alleges that the accident was caused by the negligence of plaintiff, and sets up a counterclaim for damages to his automobile amounting to $87.60

The question to be decided is raised by the motion of plaintiff to strike off defendant's counterclaim on the ground that the pleadings show that the plaintiff is a minor and that he has brought this action by his father and next friend, and not by a guardian, general or ad litem, and that therefore, a counterclaim in an action of trespass cannot be filed and tried as a cross-suit in the same action.

No case can be found governing such a procedure. The Act of April 4, 1929, P. L. 140, provides, inter alia, that:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

In Pennsylvania, a suit may be brought by a minor by his next friend. The risk assumed by the next friend is the possible liability for costs. However, a minor cannot be sued for a tort except through a guardian, general or ad litem, because it may affect or impair the minor's estate: Manning v. Baylinson, 68 Pa. Superior Ct. 512; Blouse v. Geesey, 35 Pa. C. C. 181; Gilbert v. Gougler, No. 2, 5 Northumberland 466.

The proposition is presented whether a counterclaim can be set up successfully in the same suit under said Act of 1929 against a minor plaintiff who has sued by his next friend and not by a guardian. If such a claim cannot be sustained, and if a judgment recovered thereon is void in case of a separate suit, it undoubtedly follows that no different or higher rights inure to the claimant in a cross-suit involved in one and the same action. Furthermore, in actions of trespass under said act, even where no minors are involved, it is optional for defendant to file a counterclaim in the same suit or to proceed by a separate suit.

The position of defendant is clearly expressed in his brief as follows:

"The theory and principle upon which the Pennsylvania courts have protected an infant from suit, without having him sued by a next friend on the grounds that the infant defendant incurs the risk of the loss of part of his estate, unless so sued, is altered and changed when the said infant defendant brings himself into court by a next friend, and for this reason, in addition to the express statutory right given a defendant to file an affidavit of defense in which he may set up a counterclaim, the plaintiff in this case is estopped to deny defendant's right to have the question of plaintiff's or defendant's liability for the accident involved in this suit determined in one trial."

The act referred to must be construed with reference to its manifest purpose. It is evidently intended to avoid a multiplicity of suits involving the same parties and facts. However, the act shows no intention to change the existing law in Pennsylvania with reference to suits by and against infants. To hunt for a legislative meaning or intention in a statute, not expressed therein, and possibly not even contemplated by the legislature, may lead to a "sea of troubles," as indicated by the Supreme Court in Commonwealth v. American Car and Foundry Company, 203 Pa. 302.

In Yerkes v. Stetson, 211 Pa. 556, the lower court in its opinion, which was affirmed by a per curiam opinion of the Supreme Court, said:

"In personal actions in this state, the law makes no distinction as to the method of service of original process between a minor and an adult; but after service, before judgment can be taken against a minor he must have a guardian."

In Guilian v. Grover, 9 D. & C. 62, it was decided that a minor cannot waive the legal requirement that an action against him can only be maintained through the appointment of a guardian. In that case a new trial was granted after the verdict was rendered against the defendant minor.

Similarly, in the case at bar if there can be no legal waiver, the principle of estoppel does not arise as against a minor.

Accordingly, the rule to strike off the counterclaim in this case is made absolute.

From George Ross Eshleman, Lancaster, Pa.