## HOFFMAN v. APOSTOLIC WORKS, Inc.
### No. 253.

Municipal Court of Appeals for the
District of Columbia.

Sept. 11, 1945.

Virginia Hoffman, pro se.

Caesar L. Aiello, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This appeal presents a unique question arising under the District of Columbia Emergency Rent Act.[1] The dispute is between Apostolic Works, Incorporated, a religious corporation which claims that it requires the property for the purpose of housing a number of its students, and Virginia Hoffman, the tenant in possession. In the trial court the landlord-plaintiff recovered a judgment for possession, and the tenant has brought this appeal. As reflected in the statement of proceedings and evidence and in a supplemental statement which resulted when we returned the case for certification of additional information, these are the essential facts:

Plaintiff, Apostolic Works, Incorporated, is a religious corporation organized some fourteen years ago under the laws of the District of Columbia by the Congregation of Marian Fathers for the purpose of distributing religious literature as a means of religious instruction; the corporation is composed entirely of members of the Congregation of Marian Fathers and the practice was and is to limit membership to members of that religious order. The corporation owns the property in dispute, at 730 Lawrence Street, Northeast, and has used and intends to use it to house members of its own religious society who are students at Catholic University; that on March 1, 1944, because of the limited number of students enrolled at the time, defendant was orally permitted to take possession of a portion of the house, and on July 1, 1944, she rented the whole house, occupying part of it herself and renting the remainder to roomers; that a short time later, due to the need of housing additional students, tenant was asked to surrender possession of the premises, but she refused.

Plaintiff claimed that it required the property to house incoming students in order that they might carry on their studies at Catholic University; that no other property is available to take care of this need; that all members of the Congregation are maintained and educated at the expense of the Congregation of Marian Fathers which is obligated under its rules to furnish room and board to its members without charge; that it also owns 721 Lawrence Street, which is already occupied by ten students, and which will not adequately accommodate the proposed additional students; that it also owns 728 Lawrence Street, which is occupied by priests[2] leaving no available space in that house.

---

[1] Code 1940, § 45—1601 et seq.

[2] While the record shows that such priests are not members of the Marian Fathers Congregation, it does not disclose on what basis they are permitted to live there.

Appellant contends that the trial court was wrong in ordering judgment against her. She urges upon us the proposition that the landlord cannot rightfully claim possession under that section of the Rent Act[3] which permits a landlord to maintain a suit if he "seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling." Appellant takes the position that because the owner is a corporation it cannot claim under that section. She admits that the Act defines "person" to include "one or more individuals, firms, partnerships, corporations, or associations and any agent, trustee, receiver, assignee, or other representative thereof."[4] She also admits that a corporate landlord may be considered a "person" under the Act, but says a corporation cannot claim to be a person seeking possession "for his immediate and personal use and occupancy as a dwelling." A corporation, she argues, cannot "dwell" or use housing accommodations, since it is an artificial and not a natural person.

The problem is not easily solved. The situation, as we have said, is unique. It invites analogies.

Let us suppose that an individual owner claimed the property for himself and a group of adopted children. Could the tenant be heard to say that the owner did not require the property for his own personal use as a dwelling?[5]

Let us suppose that a group of Marian Fathers as individuals owned the title to the property. Could anyone question their right to claim possession for their personal use?

Let us suppose that Apostolic Works is a partnership or an unincorporated association and that some or all of its members enjoy the right to live in the property. Could it be said that the members or the partnership or association as such would have no right to the property if they could show that they required it to house their own members?

Should this group be discriminated against because its "parent" happens to be a corporation? True, it is not a person in the usual sense of the word; but neither is it a corporation in the ordinary commercial sense of the word. It is strictly a non-profit organization. Under its charter and by-laws it is limited to purely religious activities. As part of its religious program it selects and takes unto its bosom a limited number of students, agreeing and being bound to furnish them (among other things) food and shelter. It is no exaggeration to say that in these special circumstances the corporation stands in loco parentis to its students and is in a very practical sense the head of a spiritual family—a group of students who are its dependents or wards and who make up its household. That being so, we think it cannot reasonably be questioned that the corporation has the right to possession of its property to house such constituent students. It strikes us that there is an essentially domestic quality to the use to which the owner proposes to put this property. The situation is nowise to be compared to one where a business corporation seeks to oust a tenant in order to make room for its officers or other representatives to further its strictly business ventures.

In the Rent Act there is nothing which would bar the claim of a plaintiff like this one. Nor have we found any decision in this country which takes that position. Indeed we have searched in vain among all the reported cases for an expression on the subject.[6]

Limiting our decision to the peculiar circumstances of this case, we have concluded that the plaintiff is entitled to possession; that neither the letter nor the spirit of the Rent Act points to a different result and that the judgment of the trial court was correct.

Appellant asks us to say that plaintiff did not prove that its claim was made in good faith. But our study of the record discloses ample evidence for the finding against her in this respect.

Affirmed.

---

[3] Code 1940, § 45—1605.

[4] Code 1940, § 45—1611.

[5] Compare Heindrich v. Dimas-Aruti, D.C.Mun.App., 42 A.2d 138, and cases there cited.

[6] We have found a very recent British case which holds that a limited company is entitled to the benefits of the Rent Restriction Acts, where it had sublet a house to three of its employees. There the court pointed out that there was nothing in the Act to exclude such a company from the protection of the law. Carter v. S. U. Carburetter Company, 1942, 2 K.B. 288. The situation is not the same here, though the principle is analogous.