E. W. ECKBERG v. B. B. BELFER.[1]

November 15, 1946.

No. 34,254.

[1]Reported in 24 N. W. (2d) 851.

*Samuel Saliterman,* for appellant.

*Harroun, Anderson & Poseley,* for respondent.

MATSON, JUSTICE.

Defendant appeals from a judgment entered in plaintiff's favor in an unlawful detainer action brought to recover possession of the premises known as apartment 5 at 3625 Bryant avenue south in the city of Minneapolis. These premises were orally leased on a month-to-month basis to defendant on December 1, 1942, and since that date he has had possession thereof. On November 15, 1945, plaintiff served on defendant a written notice to vacate and surrender possession of the premises as of December 31, 1945. The unlawful detainer proceedings were instituted under OPA regulations, § 6(a)6, pursuant to which the owner may evict the tenant if the owner *"has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself."* (Italics supplied.)

Apartment 5, which was occupied by plaintiff and his family from 1936 to 1940, is a one-bedroom apartment located in the basement of plaintiff's five-flat building. Subsequent to 1940, plaintiff moved to, and has since occupied, apartment 2, a two-bedroom apartment on an upper floor. Immediately prior to the war, plaintiff's family consisted of his wife, a daughter, and two sons. In February 1942, the daughter, while in California, married a soldier, and thereafter the daughter returned to her parents' home to live while her husband was in the military forces. Her husband returned from military duty about December 15, 1945, and since that date apartment 2, the two-bedroom apartment, has been occupied by plaintiff, his wife, the daughter and her husband, and their child, who was about 13 months old at the time of trial on January 22, 1946. Plaintiff's two sons, who had lived with him prior to their induction into the service and who were 22 and 23 years of age at the time of trial, were still on military duty, but had written their parents that they had enough points for discharge

and expected to be on their way home at any time. There was no way of ascertaining, however, the exact time when they would be discharged. Plaintiff, on the ground of *"immediate compelling necessity,"* requested that he and his wife be permitted to repossess and occupy apartment 5 in order to make apartment 2 available for occupancy by the two sons upon their return and for the continued occupancy of the daughter and her husband and child.

■ Defendant contends that the evidence does not sustain a finding of the existence at the time of the commencement of this action of an "immediate compelling necessity," in that plaintiff's sons had not yet arrived home, and, further, that no one could say just when they would arrive. In effect, defendant assumes that the phrase an "immediate compelling necessity" necessarily implies that the need for the use of the premises must be so desperate and urgent as to allow for no appreciable lapse of time between the moment of eviction and the moment of the owner's rightful act of repossession. We do not agree with an interpretation requiring an owner to be practically without shelter before his right to repossession of his premises may be recognized. The word "immediate" does not necessarily mean that the "compelling necessity" must be so desperate that the owner must have his property at once. Gould v. Butler (D. C. Mun. App.) 31 A. (2d) 867. Courts generally hold that the word "immediate" is not synonymous with the word "instant," but is to be construed as meaning within a reasonable time, considering all the circumstances. Chapin v. Ocean A. & G. Corp. 96 Neb. 213, 216, 147 N. W. 465, 467, 52 L.R.A. (N.S.) 227. This court, in construing a provision requiring "immediate notice" of death under the terms of an accident insurance policy, held:

"* * * A sound, common sense construction is to be given. There is a compliance if notice is given within a reasonable time taking into consideration all the circumstances of the particular case." Sleeter v. Progressive Assur. Co. 191 Minn. 108, 110, 253 N. W. 531, 533, and cases there cited.

In other words, the "compelling necessity" is sufficiently "immediate" if, taking into consideration all the circumstances of the particular case, it comes, or will come, into existence within a reasonable time. See, Lakowski v. Kustohs, 328 Ill. App. 557, 66 N. E. (2d) 487; Gould v. Butler, *supra;* Gross Income Tax Dept. v. Harbison-Walker Ref. Co. 113 Ind. App. 695, 48 N. E. (2d) 834; 20 Wd. & Phr. (Perm. ed.) p. 124. The word "compelling" adds nothing more than emphasis to indicate that the necessity must be actual and genuine. Government regulations, though drastic, are to be administered in the light of the peculiar circumstances of each case and with a reasonable regard for the uncertainties characteristic of all human problems, and not with the exact and mechanical precision so desirable to the ease of mind of those officials who are harassed with the problems of their enforcement. A too narrow and literal interpretation must not be permitted to overshadow the spirit and defeat the purpose for which the regulations were promulgated.

■ In the instant case, the "compelling necessity" of the owner for restitution of the premises seems obvious. His two sons by serving their country did not forfeit their normal and natural right upon their return to continue in reasonable comfort as members of the immediate family circle. They had not lost their right to reasonable shelter. Plaintiff, as owner of the property, had the right, in the exercise of good faith, to select the apartment which best satisfied his needs. Shaffer v. Bowes (D. C. Mun. App.) 31 A. (2d) 690. In the light of all the circumstances, involving the usual uncertainty as to the exact time of a soldier's discharge in the course of demobilization of the armed forces after a war, the trial court was justified in finding that the "compelling necessity" was immediate in the sense that it would come into operation within a reasonable time. It was not necessary to wait until plaintiff's sons rapped on their father's door. Whether an "immediate compelling necessity" existed was, like the existence of good faith, an issue of fact to be determined by the trier of fact. Sviggum v. Phillips, 217 Minn. 586, 15 N. W. (2d) 109. Taking the evidence

454

as a whole, we cannot say that the trial court's findings are manifestly and palpably contrary to the evidence.

It is also apparent that the trial court, by providing for a series of stays prior to the actual entry of judgment, assured to defendant a generous and full measure of justice according to both the letter and the spirit of the OPA regulations. Gould v. Butler (D. C. Mun. App.) 31 A. (2d) 867.

The judgment of the trial court is affirmed.

Affirmed.

