FRANK SVIADAS AND HELEN SVIADAS, HIS WIFE, RESPONDENTS, V. ALBERT F. SEELIG, ALSO KNOWN AS ALFRED SEELIG, APPELLANT.—202 S. W. (2d) 543.

St. Louis Court of Appeals.   Opinion filed May 20, 1947.

Appellant's motion for rehearing, or, in the alternative, to transfer to the Supreme Court of Missouri, overruled June 20, 1947.

*Henry Elias Haas* and *John E. Corvey* for appellant.

*Melvin L. Hertzman* for respondents.

SUTTON, C.—This is an action in unlawful detainer brought by plaintiffs to recover possession of their residence property numbered as 4158 Flad Avenue, in the City of St. Louis. The suit was commenced before a justice of the peace, whence it went on *certiorari* to the circuit court. The trial in the circuit court, with a jury, resulted in a directed verdict for plaintiffs. Judgment was given accordingly, and defendant appeals.

The complaint was filed in the justice court on September 13, 1946, and alleges that on September 12, 1946, plaintiffs had the legal right to possession of their residence property known and numbered as 4158 Flad Avenue, in the City of St. Louis; that Albert F. Seelig, also known as Alfred Seelig, willfully, wrongfully, and without force, holds possession of said premises after the termination of the time for which they were let to him and after demand made in writing for the delivery of the possession thereof; that the action is brought pursuant to a certificate of eviction issued on March 25, 1946, by the St. Louis Area Rent Director of the Office of Price Administration as provided by the Rent Regulation for Housing, permitting an action to

remove or eject the tenant, Albert F. Seelig, also known as Alfred Seelig, at any time after three months from February 11, 1946, for occupancy of Charles Binz and family, veteran and son-in-law of plaintiffs; that all notices required by the Rent Regulation for Housing issued by the Office of Price Administration have been given.

Upon the trial in the circuit court, plaintiffs put in evidence a certificate of eviction issued to plaintiffs by the St. Louis Area Rent Director, which reads as follows:

"This certificate authorizes Frank Sviadas to pursue his remedies for the removal or eviction of the tenant named above from the above-described accommodations in accordance with the requirements of the local law.

"The Rent Director finds that, subject to any conditions stated below, eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942, as amended, or of the Rent Regulation issued thereunder for this defense rental area.

"Conditions:

"The purpose for which eviction of the tenant is authorized is:

"For occupancy by purchaser's son-in-law, Charles Binz and family, veteran.

"Action to remove or evict the tenant shall not be commenced sooner than:

"Three months after February 11, 1946, date of filing of petition.

"This certificate only authorizes an action to be brought for the eviction or removal of the tenant instituted in accordance with the requirements of local law and does not pass upon the merits of such action under such law."

Upon the trial in the circuit court defendant insisted that the certificate of eviction was invalid and that for the want of a valid certificate plaintiffs were not entitled to recover possession. Plaintiffs insisted that the certificate was valid, but that if it was not valid it could not be attacked collaterally.

Plaintiff Frank Sviadas testified that he resided with his family at 6211a South Kingshighway Boulevard in St. Louis; that on February 11, 1946, he and his wife filed their petition for an eviction certificate with the St. Louis Area Rent Director of the Office of Price Administration, requesting permission to evict defendant from the accommodations at 4158 Flad Avenue, and that the hearing on the petition resulted in the issuance of the certificate put in evidence; that he did not intend to occupy the accommodations at 4158 Flad Avenue; that he desired possession of the accommodations for his son-in-law and daughter; that he and his wife owned the property at 6211a South Kingshighway, where they lived; that he purchased the property at 4158 Flad Avenue on February 6, 1946; that defendant's rent date was from the 12th of the month to the 12th of the next month; that defendant paid $30 a month rent and had been paying him that rent

since he acquired the ownership of the property up to September 12, 1946; that since September 12 to the day of the trial, which would be a dollar a day, defendant would owe him $46; that since the last payment of rent he had received checks from defendant for rent, but sent them back.

Mrs. Ann Binz testified, for plaintiffs, that she was a daughter of plaintiffs and was living with them at 6211a South Kingshighway; that it was her intention to occupy the accommodations at' 4158 Flad Avenue; that she lived with her parents at 6211a South Kingshighway most of the time when her husband was in the service; that she had a sick boy; that they had four rooms, and there were six persons living in the four rooms, she and her husband, their little boy, her sister, and her father and mother.

After all the testimony of the plaintiffs had been introduced, and they had rested their case, defendant offered a motion for a directed verdict in his favor which was denied by the court. Defendant elected to stand upon his motion for a directed verdict and offered no testimony in his behalf. Thereupon, plaintiffs offered a motion for a directed verdict in their favor. The court sustained plaintiffs' motion and directed the jury to return a verdict finding defendant guilty as charged in the compaint, and assessing plaintiffs' damages at $46, and assessing the value of the monthly rents and profits at $30. The jury returned a verdict as directed by the court, and judgment was given accordingly.

Defendant assigns error here upon the action of the court in directing a verdict for plaintiffs. He bases this assignment upon the alleged invalidity of the certificate of eviction.

Section 6 (a) of the Regulations promulgated by the Price Administrator under the provisions of the Emergency Price Control Act of 1942 provides that so long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, unless:

(1) The tenant who had a written lease has refused to execute an extension or renewal thereof.

(2) The tenant has unreasonably refused the landlord access to the housing accommodations.

(3) The tenant has violated a substantial obligation of the tenancy or is committing or permitting a nuisance.

(4) The tenant's lease has expired and the occupants of the housing accommodations are subtenants.

(5) The landlord owned, or acquired an enforceable right to buy or the right to possession of the housing accommodations prior to the effective date of regulation, and has an immediate compelling necessity to recover possession of the accommodations for use and occupancy as

a dwelling for himself, or has served during the period of the war emergency in the armed forces of the United States and in good faith seeks the possession for his own occupancy.

Section 6 (b) provides that no tenant shall be removed or ejected on grounds other than those stated in section 6 (a) unless, on petition of the landlord, the administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law, and that the administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof.

Defendant urges in argument that because it was not shown that plaintiffs were entitled to possession on any grounds specified in section 6 (a) of the regulation, but, on the contrary, it was shown both by the evidence and the certificate of eviction that plaintiffs wanted possession of the accommodations for use as a dwelling for their son-in-law and his family, the certificate was unauthorized and invalid, and the plaintiffs were without permission to pursue their remedies in accordance with the requirements of the local law. If plaintiffs were proceeding on any ground specified in section 6 (a) no certificate of eviction would be necessary, but the facts authorizing them to pursue their remedies under the local law would have to be proved. Plaintiffs, however, are proceeding on other grounds. In such case the landlord's right to proceed in the eviction of the tenant must be obtained under section 6 (b), which provides that no tenant shall be removed or evicted on grounds other than those stated in section 6 (a), unless the administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. In this case the administrator, through his representative, on petition of the plaintiffs, so certified. His certificate is not subject to collateral attack. It is not even subject to direct attack except for the causes and in the courts designated by the Emergency Price Control Act of 1942. Under that act the party aggrieved may appeal to the Emergency Court of Appeals and from that court to the Supreme Court, and these courts cannot enjoin or set aside the order of the administator unless the complaining party establishes to the satisfaction of the court that the order is not in accordance with law, or is arbitrary or capricious. This remedy is exclusive, for the act provides that the Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order, of any price schedule, and of any provision of any such regulation, order, or price schedule, and that no court, federal, state, or territorial, except the Emergency Court of Appeals and the Supreme Court, shall have jurisdiction or power to consider the validity of any regulation, order, or price schedule, or to stay, restrain, enjoin, or set

aside, in whole or in part, any provision of the act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision.

It is clear that the certificate of eviction with which we are here concerned is conclusive against attack in this action. The rent director, upon the hearing before him, doubtless decided that under the circumstances plaintiffs were justly entitled to the possession of their property for the use of their son-in-law, daughter, and grandchild, as a dwelling, and that the eviction of defendant was not inconsistent with the purposes of the Emergency Act or regulation and would not be likely to result in the circumvention or evasion thereof. We think this decision was right, but, whether right or erroneous, it is conclusive against attack in any court, federal or state, except in the Emergency Court of Appeals and the Supreme Court of the United States as provided in the Emergency Act. Horton v. Cantrell (Mo. App.), 187 S. W. (2d) 860.

But defendant contends that at the time the certificate of eviction was issued it had been ruled by the Emergency Court of Appeals that only landlords were subject to rent regulations and that a tenant had no right of appeal, so that defendant was left without a remedy by appeal to the courts against an order of an administrative officer, and was thus denied due process of law, though the Supreme Court on *certiorari* subsequently reversed the ruling of the Emergency Court of Appeals. Parker v. Porter, 154 F. (2d) 830; Parker v. Fleming, 67 S. Ct. 463. In answer to this contention it would suffice to observe that, notwithstanding the ruling of the Emergency Court of Appeals, the right of appeal remained, and the remedy as provided by the Emergency Price Control Act was still open for defendant to pursue by complaint to the Emergency Court of Appeals and by *certiorari* from that court to the Supreme Court. However, if the denial of the right of appeal by the Emergency Court of Appeals amounted to a denial of due process of law, it was because of rights created and conferred upon the tenant by the Emergency Price Control Act, and not because of any right the tenant has under his lease or the state law, and an unreversed ruling of the Emergency Court of Appeals that the denial to a tenant of the right of appeal to that court is not a denial of due process of law would manifestly not be open to question by a state court.

Defendant further contends that this was a jury case, and a jury not being waived, it was error for the trial court to direct a verdict for plaintiffs. Defendant invokes the rule announced in Wiener v. Mutual Life Insurance Company, 352 Mo. 673, 179 S. W. (2d) 39, and in a number of other cases, that where a party asserts the affirmative of a proposition and proof of it is necessary to sustain his point,

the truth and weight of his evidence though uncontradicted is for the jury, and the jury may believe or disbelieve the testimony of any one or all of the witnesses though such testimony be uncontradicted and unimpeached. This is a well established rule, but it has no application in this case because there was no contested issue of fact open for determination by the jury. The theory on which defendant tried the case is shown by his opening statement to the jury, as follows:

"This is a case where OPA has issued a certificate in violation of its own regulations. The landlord in this case, the party bringing suit, had no intention of occupying these premises for his own use as a dwelling for himself. He states in his petition that it is for the use of his son-in-law. Mr. Hertzman just stated to the jury it is for the use of his son-in-law. In his petition before this Court, he states the same thing, he files the notice on the same ground. It is the defendant's contention that he has not complied with the spirit or the letter of the OPA law. The defendant further contends that there is no adequate remedy except before this jury, because no appeal from the issuance of the certificate is granted by the United States Statute to a tenant. If we show you the certificate was invalid or you gentlemen believe that the certificate was invalidly issued, your verdict should be for the defendant in this case."

Defendant now says it was the province of the jury to determine the facts relating to the validity or not of the certificate of eviction. But such facts were for the determination of the rent director and the certificate of eviction issued by him is conclusive as to such facts.

Defendant further says it was the peculiar province of the jury to determine the facts as to the amount of damages to be assessed against defendant. As we read this record, we do not think the amount of the damages to be assessed was in dispute. The amount of damages assessed was based on the amount of rent due and unpaid up to the time of the trial. Plaintiff Frank Sviadas testified positively as to the amount of rent due and unpaid. There was no evidence to the contrary. Defendant did not testify. The rule that the jury may believe or disbelieve the testimony of any one or all of the witnesses even though their testimony be uncontradicted and unimpeached, though well established as a general rule, has its exceptions. In this connection we must have in mind the established rule that in applying cases which have been decided what may have been said in the opinions should be confined to and limited by the facts of the cases under consideration when the expressions relied on were made and should not be extended to cases where the facts are essentially different. Medaris v. City of Hannibal (Mo. App.), 185 S. W. (2d) 340.

In the present case defendant did not see fit to take the witness stand and deny the testimony of the plaintiff regarding the amount of rent due and unpaid, though he knew as well as the plaintiff what was the correct amount of such rent and could have contradicted his testimony

if it was not so, yet insists that he was entitled to ask the jury to disbelieve what he himself would not deny. This insistence finds no sanction in any authority that has been brought to our attention.

However, an examination of this record shows that the only real issue in the trial court related to whether or not plaintiffs by virtue of the certificate of eviction issued to them by the rent director were at liberty to pursue their remedy against defendant in accordance with the local law. Defendant tried the case on that theory and may not have it determined here on a different theory.

The judgment of the circuit court should be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *McCullen, P. J.,* and *Anderson* and *Hughes, J. J.,* concur.