CARMELLA RITACCO, Landlord, *v.* WILLIAM MORRIS, Tenant.

City Court of New Rochelle, October 27, 1947.

*Francis X. Fallon* and *R. L. Fallon* for landlord.

*James R. Rooney* and *P. J. Rooney* for tenant.

RUBIN, J. The landlord instituted this proceeding to recover possession of the premises described in the petition, and now

being used for dwelling purposes, for use and occupancy by her married daughter and her son-in-law as housing accommodations. The proceeding is brought pursuant to subdivision 2 of section 209 of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1899), which permits the maintenance of such proceeding where the petitioner seeks the same "for his immediate and personal use". The proceeding was tried before the court and a jury, and a verdict was rendered in favor of the tenant. The landlord has moved to set aside the verdict as against the weight of evidence and contrary to the law.

As for the weight of evidence, there was a sharp conflict in the testimony; there was the usual need for resolving the conflict, depending upon where credibility was to attach. The jury has resolved the question in favor of the tenant, and this court cannot say that upon the whole record their verdict is against the weight of evidence to a degree where it would require or justify the court to disturb the jury's finding.

The question of law, which is the basis of the motion, depends upon the interpretation of the language in the new act, and particularly whether that language is broad enough to include a use proposed to be exercised by a married daughter and son-in-law, who are not dependents of the petitioner, within the statutory term of "personal use". Language supporting the landlord's position on this motion is to be found in the decision of the Appellate Term, Second Department, in the case of *Braunstein* v. *Swartz* (189 Misc. 791) in an opinion written for the court by the learned Mr. Justice STEINBRINK. The landlord's counsel asked that the jury be charged in the language of that decision and that request was denied, with an exception to the landlord, because it was the court's view on the trial, and still is, that a proposed use by a married child of the landlord and by the husband or wife of the married child, who are not dependents of the landlord, does not come within the statutory term of "personal use". It is the court's view that when the new Act was written and passed by Congress, the authors presumably knew the administrative rulings under Office of Price Administration had permitted extension of the landlord's right to include occupancy by blood relatives; but Congress must be presumed to have used the present language designedly, and if it intended to include blood relatives who were not members of the landlord's household it could have, and would have, so stated. It chose to use the term "personal use", which must be construed in its common accept-

ance. Having passed the new act for the purpose of trying to protect rights of possession on the part of tenants under emergency conditions, the term " personal use " should not be unnecessarily extended by judicial interpretation.

The court is aware that this view is directly contrary to the decision of the Appellate Term, and the question then is presented as to whether the rule of *stare decisis* requires this court, which is one of inferior jurisdiction, to conform to the ruling in the *Braunstein* case (*supra*). Research indicates that *stare decisis,* when properly applied, would require this court to follow any interpretation made by the County Court of this county, to which appeals of this court are taken, or made by the Appellate Division of this Department, or in the absence of determination by our Appellate Division, then to follow an interpretation made by any other Appellate Division until such time, if ever, that our Appellate Division speaks on the subject. This court has not been able to find that the particular question has yet been adjudicated by our County Court or by the Appellate Division in this State, and with the exception of the Appellate Term decision the question appears to be an open one.[*]

Even so, this court would normally, by reason of its great respect for the legal ability of Mr. Justice STEINBRINK and of his associates who participated in the *Braunstein* decision, be inclined to give great weight to that determination if it could be in any wise reconciled with this court's conclusions after examining the statutory language. In this instance this court cannot find its way clear to do so, and I arrive at a different conclusion, most deferentially.

It should be further pointed out that the *Braunstein* case (*supra*) in any event, would not come within the rule of *stare decisis,* for the reason that the interpretation of the statute undertaken by Mr. Justice STEINBRINK was clearly dictum, inasmuch as the court had already decided the issue in that particular case by holding the new act could not be applied retroactively to a judgment of possession which had already been granted to the landlord in that case prior to the effective date of the Federal Housing and Rent Act of 1947. The application of that doctrine is limited to actual determination in respect to litigated and necessarily decided questions, and it does not apply to dicta or obiter dicta (*Matter of Herle,* 165 Misc. 46; *Hogan* v. *Board of Education,* 200 N. Y. 370, 373).

[*] See *Ucci* v. *McBrian,* 190 Misc. 14, November 4, 1947.— [REP.

In passing it should also be noted that Judge STEINBRINK's interpretation rests, in part at least, upon the cited case of *Moak* v. *Mehlman* (185 Misc. 992) and that an examination of the facts in that case indicates that it is not a precedent, because of the fact that the landlord in that case was seeking possession for a daughter and grandchild who were truly part of her own household and her dependents by reason of the absence of the son-in-law in the military service and the lack of other financial support. So that, that case turned on its particular facts.

It should also be mentioned that this court, in its charge, left to the jury the right to interpret on the given facts what was meant by the term " personal use ". It may well be that no such right should have been accorded the jury and that the charge should have been restricted to the court's own interpretation of the term. Even if that be so, the only one to complain would be the tenant and not the landlord, for that portion of the charge gave the landlord an opportunity for a favorable decision at the jury's hands, which, upon complete reflection, assuming that the court's interpretation be correct, should not have been available to the landlord.

The landlord's motion is accordingly in all respects denied. In doing so, however, the court cannot refrain from expressing the hope that either by further review of the *Braunstein* decision, or by review of this decision, an early determination of the question may be obtained from the Appellate Division as a guide to this and the other courts who will undoubtedly be frequently met with the specific question.