MARIE UCCI, Landlord-Appellant, *v.* ARTHUR MCBRIAN, Tenant-Respondent.

County Court, Westchester County, November 4, 1947.

* Cf. *Ritacco* v. *Morris*, 189 Misc. 987.— [REP.

*Albert A. Verrilli* for landlord.

*John B. J. Gerety* for tenant.

GALLAGHER, J. Petitioner commenced a summary dispossess proceeding in the City Court of White Plains to recover possession of premises " as housing accommodations for your petitioner's son, Michael J. Ucci, who is a veteran of World War 2 and for the prospective bride of said Michael J. Ucci." The lower court granted tenant's motion to dismiss on the basis that the wording in the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1891 *et seq.*) precluded possession for the use of a member of the immediate family as was possible under the former regulations. The former regulations provided that a landlord who sought in good faith to recover possession for " immediate use and occupancy as a dwelling for himself " could recover for use of a blood relative of the landlord (Rent Regulation for Housing, § 6, subd. [a], par. [6]). The rent act of 1947 reads (§ 209, subd. [a], par. [2]) : " the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations * * *." There would seem to be no case exactly in point as to whether the wording of the new statute is more or less restrictive than the old. The opinion of the Appellate Term, Second Department, in *Braunstein* v. *Swartz* (189 Misc. 791) discusses the matter at some length and while the conclusion may be dictum, the logic seems to be unimpeachable in that it would appear that the intent of the act of 1947 was to lessen rather than to strengthen controls and therefore the phrase in the new act should be no more strictly interpreted than that in the old. *Braunstein* v. *Swartz* (*supra*) decided a motion to stay the issuance of a warrant of eviction pending appeal, which stay was denied. It is to be noted that the Appellate Division, Second Department, in a decision, denies a motion for a stay in the same matter (*sub nom. Swartz* v. *Braunstein,* 272 App. Div. 1038), therefore affirming the Appellate Term. For the reasons stated hereinabove the appeal is granted and the order of the City Court is reversed, and the matter sent back to the City Court for further determination.