In the Matter of MARY CAFFARO, Petitioner, against PAUL L. Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, January 13, 1948.

*Harold J. Robbins* and *Joseph A. Goodyear* for petitioner.

*James. P. Murtagh, William L. Messing* and *David A. Stein-oock* for respondents.

FROESSEL, J. Application pursuant to article 78 of the Civil Practice Act for an order reviewing the determination of the respondents, constituting the Temporary City Housing Rent Commission of the City of New York, which determination denied petitioner's application for a certificate of eviction; and for related relief.

Petitioner is the owner of a seven-room one-family house located at 4817 Bedford Avenue, Brooklyn, New York. She purchased these premises in 1945 in order to provide a residence for members of her family, namely, her two married daughters and their veteran husbands. On October 25, 1946, she applied to the Office of Price Administration, then having jurisdiction, for a certificate of eviction, and on January 8, 1947, such certificate was issued authorizing her to evict the tenant " solely for occupancy of the premises in question " by her said daughters and sons-in-law, after the expiration of four months from October 25, 1946, all in accordance with the requirements of then existing law. (Emergency Price Control Act of 1942, as amd.; U. S. Code, tit. 50, Appendix, § 901 *et seq.;* and the rent regulations promulgated thereunder.) A thirty-day notice to vacate was served upon the tenant, and on March 10, 1947, a petition in summary proceedings was filed in the office of the clerk of the Municipal Court, Borough of Brooklyn, Eighth District. On the return day, March 19, 1947, the tenant appeared by her attorney, and after a hearing, all of the parties, in person and by their respective attorneys, entered into a written stipulation of settlement, by which stipulation the following was agreed upon:

" 1. The tenant hereby appears in the above entitled proceeding; and admits all of the allegations contained in the landlord's petition.

" 2. The landlord is to have a final order against the tenant and the undertenants immediately.

" 3. The issuance of the warrant under said final order is however stayed up to and including Oct. 31st, 1947; on which date it shall issue without further notice.

" 4. Neither the tenant nor anyone directly or indirectly on her behalf shall at any time apply to any Court or judge for a further stay of the issuance of the warrant, and the tenant shall deliver possession of the premises to the Landlord on or before Oct. 31st, 1947."

The stipulation was signed by the subtenant as well as the tenant, the former being the son-in-law of the latter. Said stipulation, opposite the signatures, was signed by the justice as follows:

> " *So Ordered:*
> Dated:   March 19, 1947.
>     Carroll
>     J. M. C."

A final order based on this stipulation was entered on March 19, 1947, in favor of the landlord.

On September 17, 1947, Local Law No. 66 of 1947,* of the City of New York was enacted, adding section U41-7.0 to chapter 41 of the Administrative Code of the City of New York. Subdivision c thereof provides that no tenant shall be removed from any apartment (rooms rented for dwelling purposes) unless the Temporary City Housing Rent Commission (created pursuant to section U41-6.0 of the Administrative Code, as added by Local Laws 1947, No. 54) shall certify that one of several grounds for eviction exists. Paragraph (2) of said subdivision c sets forth as a ground that " the landlord seeks in good faith to recover possession of such apartment for his immediate and personal use and occupancy as housing accommodations ". Virtually the same provision was embraced in paragraph (1) of subdivision (b) of section 5 of article II of regulation II, promulgated by the respondent commission, excepting that it inserted the word " own " before " immediate ", and added the following sentence: " Use or occupancy by a child, relative or other person shall not be deemed to constitute personal use and occupancy by the landlord or, purchaser."

---

\* Since validated by chapter 4 of Laws of 1948.—[Rep.

When the tenant failed to remove from the premises on October 31, 1947, as required by her stipulation and the final order entered thereon, the petitioner herein promptly applied to the respondent commission for a certificate of eviction, which application was denied on November 26, 1947, upon the following ground: "Although a statutory ground for a certificate is alleged, the facts before the Commission do not entitle the landlord to a certificate."

Petitioner thereupon brought this application to review the determination of the respondent commission, upon the ground that its denial was arbitrary, unreasonable and unlawful, and in violation of petitioner's rights.

Aside from the questioned constitutionality of Local Law No. 66 of 1947, which is already the subject of an appeal now pending in the Appellate Division, Second Department (*Matter of Tartaglia* v. *McLaughlin,* 190 Misc. 266*), the petitioner must, in my opinion, prevail here. When Local Law No. 66 became effective, the dispossess proceeding had already. resulted in a final order on the unqualified consent of all parties including even the subtenant, and all existing laws and regulations had been scrupulously observed. Moreover, paragraph (2) of subdivision c of Local Law No. 66, in the respects under consideration, is virtually the same as the Federal law and regulations (Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 901 *et seq.*]; Federal Rent Regulation for Housing in New York City Defense-Rental Area, § 6, subd. [b], par. [1]; subd. [a], par. [6] [8 Federal Register 13918]; Federal Housing and Rent Act of 1947, § 209, subd. [a], par. [2] [U. S. Code, tit. 50, Appendix, § 1881 *et seq.*]), which have been interpreted as sufficiently embracive to include close relatives of the landlord. (*Braunstein* v. *Swartz,* 189 Misc. 791, motion for a stay denied *sub nom. Swartz* v. *Braunstein,* 272 App. Div. 1038; *Ucci* v. *McBrian,* 190 Misc. 14; *Moak* v. *Mehlman,* 185 Misc. 992; *Kullman* v. *Camerma,* 187 Misc. 966.)

The two cases last cited were decided prior to the enactment of Local Law No. 66, and it is a rule of statutory construction that "When a statute contains language which has previously been construed by the courts, it will be presumed that the Legislature intended that its meaning should be the same as that given to it by the courts [unless otherwise clearly indicated]. (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281, 288; *Schieffelin* v. *Berry,* 217 App. Div. 451, 460; affd. 243 N. Y. 603.) " (*Sulkowski* v.

* Since affd. without opinion 273 App. Div. 821.—[REP.

*Szewczyk,* 255 App. Div. 103, 104.) The city legislative body definitely gave no such contrary indication.

Under these circumstances, the respondent commission exceeded its powers in assuming to restrict the landlord's right to possession under a final order in summary proceedings (Civ. Prac. Act, art. 83), by arbitrarily narrowing the language of the statute (Local Law No. 66, 1947, subd. c, par. [2]), and particularly in the light of the prior judicial construction of the language. While it is true that the said statute (subd. m) empowers the commission to adopt regulations " to effectuate the purposes of this section ", it may not itself legislate beyond the authority of the statute, and it certainly may not, by mere regulation, circumvent the effect of judicial decisions with which it does not agree. Such power may only be exercised by the Legislature, not by an administrative agency.

In the case at bar, the petitioner and her husband, one of her married daughters and her husband, as well as three single children of the petitioner, or a total of seven people, live in a four-room apartment as one household. Each married couple occupies one bedroom, and the three single children sleep in the living room. Petitioner's other married daughter lives with her husband and two infant children in two basement rooms of a condemned house. Under the commission's regulation and determination, petitioner has been unable to obtain possession of her own premises for members of her own household, children and grandchildren, even in spite of the fact that the tenant herself no longer occupies the premises, having herself sublet them to her own son-in-law. In my opinion, the second sentence of paragraph (1) of subdivision (b) of section 5 of article II of regulation II, is invalid, and the determination of the respondent commission cannot be justified in law, upon the facts here presented, nor as a matter of simple justice and common sense. Accordingly, its determination is set aside, and it is directed to issue a certificate of eviction forthwith. (*Braunstein* v. *Swartz,* 189 Misc. 791, *supra; Matter of Chapman* v. *Ross,* N. Y. L. J., Dec. 30, 1947, p. 1916, col. 3; *City of New York* v. *Salod,* 189 Misc. 1014; *Ucci* v. *McBrian,* 190 Misc. 14, *supra.*)

**Settle order on notice.**