In the Matter of MARY PRETE et al., Petitioners, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, July 8, 1948.

*Franke & Smirti* for petitioners.

*Nathan W. Math* for respondents.

COLDEN, J. Application, pursuant to article 78 of the Civil Practice Act, for an order reviewing the determination of the respondents, constituting the temporary city housing rent commission, and directing them to issue a certificate of eviction.

Petitioners are the owners of a two-family dwelling. They and their family occupy the upper apartment, which contains only three bedrooms. They desire to evict the tenant of the lower apartment in order to provide living accommodations for their daughter, who was recently married to an ex-serviceman. Their own apartment is fully occupied since they have an eighteen-year-old daughter and a nineteen-year-old son living with them. Respondents have refused to issue a certificate of eviction on the ground that the present local ordinances and regulations made pursuant thereto do not permit the eviction of a tenant in order to provide living accommodations for blood relatives of the landlord.

The Federal rent regulations provided that a landlord was entitled to recover possession of living accommodations only

if required for " immediate use and occupancy as a dwelling for himself ". This phrase was interpreted to include use by the landlord's daughter (*Moak* v. *Mehlman,* 185 Misc. 992), his parents (*Kullman* v. *Camerma,* 187 Misc. 966), or his son (*Braunstein* v. *Swartz,* 189 Misc. 791; *Ucci* v. *McBrian,* 190 Misc. 14). A similar provision in New York City Local Law No. 66 of 1947 was held to be virtually the same as the Federal law and regulations and was, therefore, similarly interpreted to include married daughters of the landlord. (*Matter of Caffaro* v. *Ross,* 190 Misc. 593, 596–597.) In that case Mr. Justice FROESSEL, in an able opinion, after adverting to the rule of statutory construction " that ' When a statute contains language which has previously been construed by the courts, it will be presumed that the Legislature intended that its meaning should be the same as that given to it by the courts [unless otherwise clearly indicated]. (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281, 288; *Schieffelin* v. *Berry,* 217 App. Div. 451, 460; affd. 243 N. Y. 603.)' (*Sulkowski* v. *Szewczyk,* 255 App. Div. 103, 104.)" concluded that the regulation of the respondent commission which provided that " Use or occupancy by a child, relative or other person shall not be deemed to constitute personal use and occupancy by the landlord " was invalid.

The decision in *Matter of Caffaro* v. *Ross* (*supra*) was handed down on January 13, 1948. Thereafter on February 5, 1948, paragraph (2) of subdivision c of section 1 of Local Law No. 66 was amended by Local Law No. 12 of 1948. As so amended, subdivision c of section U41–7.0 of the Administrative Code of the City of New York reads as follows: " c. Evictions. Except for non-payment of rent, no tenant shall be removed from any apartment by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, unless the commission shall certify that one or more of the following grounds for such exclusion or eviction exists: * * * (2) Subject to the provisions of subdivisions h and i of this section, the landlord, *because of compelling necessity,* seeks in good faith to recover possession of such apartment for his *own* immediate and personal use and occupancy as *dwelling* [housing] accommodations ". The amendment consisted of the insertion of the italicized words and the omission of the bracketed word.

It will be noted that the legislative body did not add the regulation that use or occupancy by a child or other relative shall not constitute personal use and occupancy by the landlord.

Respondents argue, however, that the same effect follows from the insertion of the word " own " before the phrase " immediate and personal use and occupancy ". Such a construction attributes undue importance to the word " own " as compared with the word " personal ", which was the subject of construction in previous statutes. Webster's New International Dictionary defines " own " as belonging to oneself and that when used with a possessive pronoun it emphasizes the idea of property, peculiar interest, or exclusive ownership. The same dictionary defines " personal " as pertaining to a particular person or relating to an act done in person without the intervention of another. If occupancy by a close relative is *personal use* by the landlord, it cannot be said that it is not his *own use*. Had the legislative body intended to limit the effect of the previous judicial decisions, it would have been a simple matter for it to have added to the statute the substance of the regulation previously promulgated by the respondent commission. Under these circumstances, the amended local law is more restrictive than the previous local law only in that the landlord must show " compelling necessity ".

In the instant case there can be no question of the compelling necessity. As mentioned above the landlords' own apartment contains only three bedrooms. In addition to themselves they have living with them an eighteen-year-old daughter and a nineteen-year-old son. Obviously there is no room for their recently married daughter and her husband. It is evident that the petitioners are not seeking the lower apartment merely to live more luxuriously themselves or to satisfy a whim or caprice. There is compelling necessity for the lower apartment if they have the right to provide accommodations for their own daughter. Under all the circumstances the application is granted. Submit order.