In the Matter of MARY PRETE et al., Respondents, against MAURICE FINKEL-STEIN et al., Constituting the Temporary City Housing Rent Commission, Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act. Order annulling a determination which denied the application of respondents for a certificate of eviction, and ordering the issuance of such a certificate, reversed on the law, without costs, and the proceeding dismissed, without costs. Respondents did not establish a right to a certificate on the theory of "compelling necessity" under paragraph (2) of subdivision c of section U41–7.0 of the Administrative Code of the City of New York, as amended by Local Law No. 12 of 1948 of the City of New York, in effect February 5, 1948, and Regulation II, adopted pursuant to subdivision m of section U41–7.0 of the Administrative Code, effective February 18, 1948. These later provisions require a finding of compelling necessity to recover possession of an apartment for the landlord's "own immediate and personal use". Respondents' showing did not comply with the foregoing requirement and the commission properly denied their application for a certificate. Carswell, Acting P. J., Johnston, Nolan and Sneed, JJ., concur, Wenzel, J., dissents and votes to modify the order so that the matter be referred to the commission for the purpose of consideration and determination by it of the question of the compelling necessity for issuance of the certificate, with the following memorandum: The determination of the rent commission was based entirely on the fact that the "Applicant has failed to establish that the premises are sought for his own immediate and personal use." In so determining, it concluded that Local Law No. 12 of 1948, in adding the word "own" before the words "immediate and personal use" as used in Local Law No. 66 of 1947, so amended the law as to validate the regulation adopted by the commission in implementation of Local Law No. 66, which had been held in *Matter of Caffaro* v. *Ross* (190 Misc. 593) to be invalid because it arbitrarily narrowed the language of the statute by attempting to define the words "immediate and personal use" as excluding "Use or occupancy by a child, relative * * * ." I cannot adopt its conclusion. The words "own immediate and personal use" have no further or other meaning than "immediate and personal use" as construed by judicial decisions. Indeed the amendment may be construed as in consonance with those decisions since common interpretation and acceptance of the phrase "his own" means a man's family. Had it been the intention of the city council to give its blessing to the invalidated regulation of the commission, it could have done so very simply by adding to Local Law No. 12 the unequivocal language of the regulation "Use or occupancy by a child, relative or other person shall not be deemed to constitute personal use and occupancy by the landlord". [193 Misc. 24.] [See *post*, p. 943.]