### MANOGUE v. HEILBRONER.
### No. 735.

Municipal Court of Appeals for the District of Columbia.

Jan. 31, 1949.

Rehearing Denied Feb. 11, 1949.

Joseph A. Ashi, of Washington, D. C. (John A. K. Donovan, of Falls Church, Va., on the brief), for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff, the owner of a three-story house, sued defendant for possession of a two-room basement apartment. Her demand for possession was based on the claim that she required the apartment for her immediate and personal use as authorized by the District of Columbia Emergency Rent Control Act. Code 1940, Supp. VI, 45—1605(b) (2).

Plaintiff's physician testified that she was suffering from "paralysis agitans, an ailment for which medical science has not discovered a cure." He went on to say, "This disease causes plaintiff to tremble and shake continually and to become very restless and to move about very much and whenever she becomes excited, or is under great strain, she becomes mentally confused. That her condition had worsened very much from what it was a year or more ago, and from day to day becomes progressively worse. It is not only imperative but absolutely necessary that she should have a nurse in continuous attendance upon her as she is unable to care for herself."

Plaintiff testified that the house consists of a basement and three floors; that the basement is occupied by defendant; that plaintiff herself occupies the first floor consisting of a kitchen, dining room and bedroom; and that the two upper floors are rented out entirely to male roomers. Plaintiff explained that because of

---

[10] See 2 Restatement, Contracts, § 493, illustration 14 under clause (d).

her condition she required the attention of a nurse whom she had already selected and whom she wished to place in the basement apartment so that she could be near her; that she proposed paying the nurse $50 per month and giving her the use of the basement apartment without charge. She also testified that she could not have the nurse stay in her personal quarters on the first floor because her physical condition was such that no one can sleep with her, because she is "too nervous and cannot stay long in any bed at night." She also testified that she could not place the nurse on either of the upper floors because they were occupied exclusively by male roomers.

The trial judge found that plaintiff had brought her action in good faith. But he also found that the purpose for which she sought possession does not fall within the section of the Rent Act which authorizes a suit by a landlord who "seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling." He accordingly ordered judgment for defendant, and plaintiff has brought this appeal.

The question before us is whether assuming the good faith of the plaintiff she has made out a case entitling her to the possession of the apartment in suit for the use of her personal nurse whom she needs close to her to minister to her in her illness.

This exact question has never been presented to us before. We have, however, had occasion to rule that a religious corporation which provided food and shelter to its students was entitled to claim possession of a house for that purpose under the same section of the Rent Act which applies here. Hoffman v. Apostolic Works, D.C.Mun. App., 43 A.2d 848.[1]

We think that in a situation like the one before us a landlord is entitled to claim possession for her personal use though such use will not result in an actual physical occupancy of the premises by the landlord herself. It seems to us fair and realistic to say that because of the unusual severity of plaintiff's affliction she has found it necessary to enlarge her family unit by engaging the services of a nurse and providing that nurse with living quarters close to her own.

It has frequently been held that servants are members of the family unit.[2] Here the nurse has been shown to be absolutely necessary to appellant's well-being and safety and consequently "an essential part of the household" or family of plaintiff. Galusca v. Dodd, Md., 57 A.2d 313, 315. In further support of that holding is the fact that she will pay no rent for the apartment and the apartment will be in landlord's possession. There will be no landlord and tenant relationship between plaintiff and her nurse. The possession will be that of plaintiff who will merely house her nurse there. It is clear that these premises are sought not for the purpose of renting them to the nurse or to any one else. In effect the plaintiff is merely seeking to withdraw this particular apartment from the rental market and devote it to her personal use to house an employee whom, under the uncontradicted evidence, she imperatively requires for the preservation of her health.

[1] Of interest, though not controlling here because of the stricter wording of our Act, are cases under the National Rent Acts, 50 U.S.C.A.Appendix, §§ 901 et seq., 1881 et seq., permitting recovery of possession for the use of relatives. Caffaro v. Ross, 190 Misc. 593, 77 N.Y. S.2d 191; Ucci v. McBrian, 190 Misc. 14, 77 N.Y.S.2d 190; Camuto v. Farenga, Sup., 70 N.Y.S.2d 408; Finestone v. Frostholm, Mun., 69 N.Y.S.2d 556; Kullman v. Camerma, 187 Misc. 966, 68 N. Y.S.2d 604; Moak v. Mehlman, 185 Misc. 992, 60 N.Y.S.2d 569; Nyulassie v. Mozer, Cal.Super., 193 P.2d 167; Yoncich v. Quinn, 69 Cal.App.2d Supp. 810, 159 P.2d 708; Montes v. Baranouski, 21 Wash.2d 910, 153 P.2d 886; Eckberg v. Belfer, 222 Minn. 450, 24 N.W.2d 851; Kreisman v. Kornfeld, Mo.App., 208 S. W.2d 79; Sviadas v. Seelig, Mo.App., 202 S.W.2d 543; Cicchino v. Biarsky, 61 A.2d 163, 26 N.J.Misc. 300.

[2] Poor v. Hudson Ins. Co., C. C. N. H., 2 F. 432; Norwegian Old People's Home Soc. v. Willson, 176 Ill. 94, 52 N. E. 41; People v. Sagazei, 27 Misc. 727, 59 N.Y.S. 701; Mullins v. Nordlow, 170 Ky. 169, 185 S.W. 825; Colter v. Luke, 129 Mo.App. 702, 108 S.W. 608; Yerkes v. Stetson, 211 Pa. 556, 61 A. 113.

Under all these circumstances, remembering that the trial judge found that plaintiff's claim was made in good faith, and limiting our decision to the particular facts of this case, we think a reasonable construction of the Rent Act requires a ruling that plaintiff has established her right to possession.

Reversed.