PORTER, Price Administrator, v.
MILLIGAN et al.

Civil Action No. 6034.

District Court, D. Massachusetts.

Oct. 23, 1946.

James J. Brennan, Dist. Enforcement Atty., and Francis L. Flannagan, Enforcement Atty., Office of Price Administration, both of Boston, Mass., for plaintiff.

Walter A. Griffin, of Lawrence, Mass., in pro. per.

Cornelius J. Mahoney of Lawrence, Mass., for defendant Neafsey and Milligan.

Henry F. Collins, of Lawrence, Mass., for defendant Milligan.

HEALEY, District Judge.

This matter came on to be heard on return of an order of notice to show cause why a preliminary injunction should not issue restraining and enjoining the respondents, Mary E. Milligan and Agnes Neafsey, from proceeding further with the ejectment proceedings brought in the Lawrence District Court of Massachusetts against George W. Pierce, tenant of the housing accommodations at 220 Carleton Street, Lawrence, Massachusetts; and to show cause why a preliminary injunction should not issue restraining Walter A. Griffin, Clerk of the Lawrence District Court, from issuing execution in the case of Mary E. Milligan and Agnes Neafsey against George W. Pierce, Docket No. 581, now pending in said court.

From the evidence submitted at the hearing held on October 14, 1946, I find the facts to be as follows:

The respondents, Mary E. Milligan and Agnes Neafsey, hold the premises in question as trustees under the will of their Mother, Margaret Neafsey, proved in the Probate Court for Essex County, Massachusetts, May 9, 1927. By the terms of said will, all the residue of her estate, of which the premises involved herein are a part, was given to the respondents in trust to "use so much of the income of my estate as may be necessary or useful for the care and comfort of my husband, Patrick Neafsey, during his lifetime and pay the expenses of a suitable funeral for the said husband at his decease. * * *"

On August 3, 1946, the respondents sent to George W. Pierce, the tenant of the premises herein involved, a notice to quit and deliver up the premises to them on August 15, 1946.

In an action of summary process brought in the Lawrence District Court, Docket No. 581 of said court, a finding for possession of the premises was entered for the respondents here on September 26, 1946, execution not to issue for 30 days.

On September 6, 1946, a petition for a certificate relating to eviction was filed with the Area Rent Director for the Essex County Defense Rental Area by Cornelius J. Mahoney, on behalf of the respondents,

seeking a certificate of eviction against George W. Pierce, but no action has ever been taken by the Director on this petition.

The respondent trustees seek to recover possession of the premises for the immediate use and occupancy of them by Agnes Neafsey, one of the respondent trustees, as a dwelling for herself and as a home in which she, a nurse, may properly care for her father, Patrick Neafsey, the cestui que trust under the terms of the will creating the trust, who is an aged and infirm invalid who cannot be properly cared for in the place where he now resides.

It is contended by the Office of Price Administration that the respondent trustee did not have an enforceable right to buy or the right to possession of the premises prior to October 20, 1942, and that in instituting and prosecuting the summary process proceedings against George W. Pierce in the District Court of Lawrence, without having first obtained an eviction certificate as required by Section 6(b) (1) of the Rent Regulations for Housing, they violated said Regulations.

The respondents claim that they qualify under Section 6(a) (6) of said Regulations, and, therefore, needed no such certificate in order to evict the tenant.

The question to be determined then is whether or not these respondents qualify under Section 6(a) (6), which is as follows:

6(a) "So long as the tenant continues to pay rent to which the landlord is entitled, no tenant shall be removed from any housing accommodation * * * unless:

"(6) The landlord owned, or acquired an enforceable right to buy or the right to possession of the housing accommodation prior to the effective date of regulation (or prior to October 20, 1942, when the effective date of regulation is prior to that date * * *), and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. * * *"

### Conclusions of Law

The respondents, not being persons who fall within the provisions of Section 6(a) (6) of the Rent Regulations for Housing, committed a violation of said Regulations by instituting and prosecuting summary process proceedings against George W. Pierce without having first obtained an eviction certificate as required by Section 6(b) (1) of said Regulation.

The respondent trustees had no right to possession of the premises at 220 Carleton Street, Lawrence, Massachusetts, for the immediate use and occupancy as a dwelling for Agnes Neafsey personally, or as a dwelling in which she might care for the cestui que trust, Patrick Neafsey. By the terms of the will of Margaret Neafsey, they held the property as trustees to use the income for the care and comfort of Patrick Neafsey. They, therefore, did not have the right to possession of the premises for occupancy by either or both of the trustees personally. It also seems apparent that Patrick Neafsey has no right to occupy the premises, but only a right to have the income from the property used for his care and comfort.

The preliminary injunction shall issue.