## WOODS v. MURRAY.

### Civ. A. No. 7360.

United States District Court,
W. D. Pennsylvania.

Oct. 14, 1948.

Cyril F. Pessolano, Chief Rent Litigation Atty., of Upper Darby, Pa., and David Levin, Resident Atty., of Pittsburgh, Pa., for plaintiff.

John E. Winner and Floyd V. Winner, both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The question involved is whether the defendant is in a position to invoke the applicable provision of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix § 1881 et seq.

Section 209(a) of said Act provides:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless * * *

"(2) The landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations * * *."

The housing accommodation in this case was owned by five persons. The defendant has only a one-fifth interest therein. He alone sought to recover possession of the housing accommodation. It therefore follows that the owners of the housing accommodation involved did not seek in good faith to recover possession thereof for their immediate and personal use and occupancy as a housing accommodation, nor is there any evidence that defendant was authorized in his efforts to recover possession, to act

for the other four owners. He, therefore, is not in a position to invoke the benefit of the aforesaid Act.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this opinion.