HYMAN YAFFE & another, trustees, *vs.* FLORA D. LAPPIN.

Norfolk.    December 8, 28, 1948. — April 27, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Housing. Price Control. Landlord and Tenant*, Federal control, Termination of tenancy. *Trust*, Family trust, Rental of real estate.

The trustees under an irrevocable declaration of trust for the benefit of the wife and children of the settlor, who was one of the trustees, were entitled as landlords under § 209 (a) (2) of the Federal housing and rent act of 1947, as amended, to recover possession of a rented dwelling subject to the act where it appeared that the trustees, acting in good faith, sought it for the immediate and personal use and occupancy of the trustee-settlor and his family and that the trust was in essence a family trust and gave the trustees all the powers in connection with the trust property which an absolute owner would have.

SUMMARY PROCESS. Writ in the Municipal Court of Brookline dated April 2, 1948.

On appeal to the Superior Court the case was heard by *Cahill*, J.

*A. J. Dimond*, for the defendant.

*L. Poretsky*, for the plaintiffs.

SPALDING, J. This is an action of summary process to recover possession of an apartment in Brookline. In the District Court there was a finding for the plaintiffs, and the defendant appealed to the Superior Court. In that court the case was tried to a judge without a jury and there was a finding for the plaintiffs for possession.

The facts, which are not in dispute, are these. The premises of which possession is sought were occupied by the defendant as a tenant of the plaintiffs and are "'controlled housing accommodations' with respect to which a maximum rent is in effect within a 'defense rental area,' all as defined in the Federal housing and rent act of 1947, as amended." A proper notice of termination of the tenancy was served on the defendant. The defendant has refused to vacate the premises and has "tendered all rent to date to the plaintiffs, but the termination notice has not been waived and no new tenancy . . . [has been] established." Hyman Yaffe, one of the plaintiffs, sought possession of the premises "for the immediate and personal use and occupation of himself and his family . . . as housing accommodations." The premises were owned by the plaintiffs Yaffe and Alpert as trustees under an irrevocable declaration of trust dated December 30, 1935. Yaffe was the settlor of the trust and the beneficiaries were Lena, Marilyn and Wallace Yaffe. Lena is the settlor's wife, and, as the defendant in effect concedes, Marilyn and Wallace are his children. The powers given to the trustees under the trust instrument were very broad and included "all the powers which an absolute owner would have in his own right, in connection with the trust property or any part thereof" (article 3). The power to invade principal if necessary to provide for the proper support and maintenance of the

beneficiaries was also given to the trustees (articles 4 and 7). Yaffe, the settlor-trustee, reserved to himself the right, acting alone, "to sell, mortgage, assign, transfer or convey the whole or any part of the trust estate" (article 9). He also reserved the power to reduce or increase the number of trustees (article 18).

The case is here on the defendant's exceptions to the denial of certain requests presented by her, which in effect asked the judge to rule that the plaintiffs, as matter of law, were not entitled to prevail. The requests were rightly denied.

The defendant contends that the plaintiffs, as trustees under the trust instrument discussed above, could not maintain the present proceeding for the benefit of one of the trustees or his family. In support of this contention the defendant invokes the provisions of § 209 (a) of the housing and rent act of 1947 (Act of June 30, 1947, c. 163, Title II; 61 U. S. Sts. at Large, 200) as amended by the housing and rent act of 1948 (Act of March 30, 1948, c. 161, Title II, § 204 (a); 62 U. S. Sts. at Large, 98) which, so far as material, reads as follows: "(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless . . . (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family."

Had no trust been created, there can be no doubt that Yaffe as the sole owner of the property would have been entitled to prevail in these proceedings. He would have been a landlord who could have been found to be seeking in good faith to recover possession of the premises for the

immediate personal use and occupancy by himself or members of his immediate family. Does the fact that he created a trust of the sort described above alter the situation? We think not. The trust here was created by Yaffe for the benefit of his wife and children. In essence it was a family trust. He reserved to himself and his cotrustee all the powers in connection with the trust property which an absolute owner would have. He now seeks to use the trust property for the benefit of himself and his family, the latter having the entire beneficial ownership in the trust and, so far as appears, not objecting. There is nothing to show that he is attempting to do this other than in good faith. In view of the provisions of the trust and its objects, we are disposed to hold that he may do so, at least so far as the Federal housing and rent act is concerned. That he will also benefit from such occupancy ought not to avail as a defence. Nor are we impressed by the argument that the trustees are deviating from the terms of the trust by permitting the beneficiaries to occupy the trust property. Whatever may be said for these contentions if pressed by the beneficiaries, they are not persuasive coming, as they do, from one who has no beneficial interest in the trust. To all intents and purposes Yaffe is a landlord seeking "in good faith to recover possession of . . . housing accommodations . . . for the immediate and personal use and occupancy . . . by . . . members of his immediate family" within the purview of § 209 (a) (2). The terms of the trust in *Porter* v. *Milligan*, 68 Fed. Sup. 893 (a District Court decision on which the defendant relies) are not set forth in the opinion and it is doubtful whether that case is at variance with the conclusion reached here, but if it is we are not disposed to follow it.

*Exceptions overruled.*