## WILLIAMS v. THOMAS.

### No. 1032.

Municipal Court of Appeals for the District of Columbia.

Argued March 12, 1951.

Decided April 5, 1951.

Herman Miller, Washington, D. C., for appellant.

Joseph FitzGerald, Jr., Washington, D. C., Louis J. FitzGerald, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff, Mabel Linton Williams, sued to obtain possession of an apartment, claiming that she was entitled to it for her own immediate use and occupancy as a dwelling.[1] Defendant filed a motion to dismiss which was granted, and plaintiff appeals.

No evidence was presented in the trial court. The motion to dismiss was granted on the grounds (1) that plaintiff's claim was res judicata because of a dismissal of a prior action involving the same premises, and (2) that plaintiff was not a landlord within the meaning of the Rent Act. We must rule that the summary dismissal was erroneous.

As we have just said, no evidence was presented. But the very brief statement of proceedings recites that the file of the earlier landlord-tenant action was produced as an exhibit. The papers in that case show only that some three years earlier a suit had been brought against Claude E. Thom-

7. Carow v. Bishop, D.C.Mun.App., 50 A.2d 598; Klein v. Hilton, D.C.Mun.App., 40 A.2d 77.

1. Code 1940, Supp. VII, 45–1605.

as (the present suit was against his widow, the appellee) for possession of the same apartment, the plaintiffs being Irwin H. Linton, Mabel L. Williams, and Irwin Grier Linton, trustees under the will of Irwin B. Linton, deceased, and the complaint reciting, "Mrs. Mabel L. Williams, one of the plaintiffs herein, seeks possession of the premises in question, in good faith, for her own immediate and personal use and occupancy as a dwelling." The file of that case does not indicate that any written motion to dismiss was filed therein and shows only that the court "granted defendant's motion to dismiss in the above-entitled cause on the basis of Porter v. Milligan, et al. [D.C.], 68 F.Supp. 893." [2]

■ We must hold that under the vague state of the record it was error to rule that the instant case was on the pleadings barred by the rule of res judicata. In Black v. Tamamian, D.C.Mun.App., 49 A.2d 547, a landlord and tenant case, we ruled that if subsequent to a judgment a new and different situation arises and a changed situation can be proved, there may be a re-examination of the same question between the parties since the prior adjudication is limited to the facts as they existed at the time of the rendition of the earlier judgment. That ruling clearly applies here. Almost three years had elapsed between the two suits and we think plaintiff should have been allowed to prove, if she could, that the situation had been changed and to present evidence bearing on her status as landlord and her right to possession. Moreover, the first suit was brought by three trustees, and this one by an individual plaintiff. True, it was stipulated in this case "that the plaintiff is one of the trustees and one of the beneficiaries under the Will of Irwin B. Linton deceased." But there was no stipulation that the trustees were or are the owners of the building, or that plaintiff in her individual capacity had or had not the right to bring the suit. These were vital elements and should have been developed, along with the other issues, at the trial instead of on a preliminary motion. Evidence should have been taken as to the status of the plaintiff, her interest in the property as owner or otherwise, and any other circumstances bearing on her right to maintain the suit.

■ Nor was the trial court correct in ruling that "plaintiff was not a landlord within the meaning of the Rent Act." Her sworn complaint recited "that plaintiff is entitled to the possession" of the premises, and that "the premises are in possession of the defendant, who holds them as a sufferance tenant of the plaintiff." These allegations were followed by her recital that she was seeking possession under the Rent Act for her own immediate use and occupancy as a dwelling. The record does not show that these allegations were challenged except by unsworn recitals in the motion to dismiss. Such recitals in a preliminary motion did not entitle defendant to a dismissal. Though the Rent Act circumscribes the right of landlords to demand possession, it did not change the status of the statutory tenancies defined in our Code. Hence plaintiff's allegation that defendant held the property as plaintiff's tenant at sufferance was sufficient, coupled with her other allegations, to establish her status as landlord and entitled her to a trial. Stated otherwise, her sworn complaint was not defective.

Reversed.

2. That case held in part that testamentary trustees who held premises as trustees to use income for care of testatrix' surviving husband had no right to possession of premises for personal occupancy and that the husband had no right to occupy the premises. The principle is not involved on this appeal because this action was brought in the name of an individual. Whether the question arises on the trial will depend on the evidence.