## THOMAS v. WILLIAMS.

### No. 1131.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 8, 1951.

Decided Nov. 30, 1951.

Joseph Fitz Gerald, Jr., Washington, D. C., with whom Louis J. Fitz Gerald, Washington, D. C., was on the brief, for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge, and MYERS, As-

sociate Judge of the Municipal Court for the District of Columbia.[1]

CAYTON, Chief Judge.

Plaintiff sued for possession of an apartment on the ground that she required it for her personal use as a dwelling, as authorized under our local Rent Act, Code 1940, Supp. VII, § 45–1605(b) (2). The trial court gave judgment to plaintiff and defendant-tenant brings the case here for review.

The parties were here before on plaintiff's appeal from a judgment of dismissal on the pleadings. We reversed and ordered a trial on the merits. Williams v. Thomas, D.C.Mun.App., 79 A.2d 783, 784, 79 W.L.R. 526. We said: "Evidence should have been taken as to the status of the plaintiff, her interest in the property as owner or otherwise, and any other circumstances bearing on her right to maintain the suit." A trial has now been had, revealing the following situation:

Plaintiff is, under the terms of her father's will, one of three trustees of his estate, which included the property in question. The other trustees are Irwin Grier Linton and a brother, Irwin H. Linton. Under the will the trustees were given this apartment building in trust, to hold, manage and control, and with certain specified powers of sale and reinvestment. One-tenth of the income of the entire estate was to be applied first in prescribed amounts to certain charitable groups, and then "one-half of the entire net income" of the estate was to be paid to Irwin H. Linton and the other half to Mabel Linton Williams (plaintiff in this case) during their lifetime. Plaintiff testified that both she and her brother, Irwin H. Linton, occupied apartments in the building without paying rent; that after bills for upkeep of the property were paid, the bequests were turned over to the groups named in the will, and that these amounted to "just pennies" or a few dollars. Irwin H. Linton corroborated his sister as to their rent-free use of two apartments in the building. He also expressed his willingness that she have possession of the apartment for which she was suing. Cross-examination revealed that the general management of the building was in the hands of an agent.

We think that this plaintiff had no right under the Rent Act to maintain her suit for possession. That Act, which has now been in effect almost ten years, froze existing tenancies and assures the continuing right of possession to all tenants of dwelling property except when one of several specific conditions is shown to exist. One is when a landlord requires possession of property "for his immediate and personal use and occupancy as a dwelling". Code 1940, Supp. VII, § 45–1605(b) (2). Another section of the Act defines the term landlord as including "an owner, lessor, sublessor, or other person entitled to receive rent for the use or occupancy of any housing accommodations." Code 1940, Supp. VII, § 45–1611(g). The plaintiff in this case does not come within any of those classifications. Of primary importance is the fact that she is suing in her personal, individual capacity; and in that capacity she has no status whatever to maintain the suit.[2] She is not an "owner," since the only title she holds is that of a co-trustee. Such trust title does not carry with it the right to occupy this or any other apartment in the building. The fact that by a private arrangement between them, two trustees (plaintiff and her brother) are now occupying apartments in the building rent-free cannot and does not vest either of them with the status of a landlord under the Rent Act. She cannot be termed a "lessor or sublessor," for no evidence, verbal or documentary, purports to give her such status. She is not a "person entitled to receive rent", except as co-trustee for five named beneficiaries, including herself.

Counsel for landlord argues that under Code 1940, § 11–735 a "person aggrieved" by an "unlawful detention" may bring a possessory action. The short answer is

---

1. Sitting by designation, pursuant to the provisions of Code 1940, Supp. VII, § 11–771.

2. It may be noted in passing that an earlier suit for possession had been filed in the name of the three trustees, for the benefit of Mabel L. Williams, and that suit was dismissed on defendant's motion.

that this suit was not and could not have been brought under that section; it was brought under the Rent Act and unless the requirements of that Act were met there could be no unlawful detention.

Quite similar to this case is Porter v. Milligan, D.C.Mass., 68 F.Supp. 893. There two trustees held property in trust under the terms of their mother's will, the income to be used for the care of their father during his lifetime. The trustees sued for possession, alleging that they wished the property for one of the trustees as a dwelling for her and a home in which she as a nurse could care for her father who was not being properly cared for in the place where he then lived. The court ruled that under rules of Federal rent control the trustees had no right to possession of the premises for personal use by either or both of them and further that the beneficiary (father) had no right to occupy the premises but only a right to have the income applied to his support.

Under Federal rent control regulations it has also been held that the owner of a one-fifth interest in a building was not considered a landlord entitled to possession of property for his sole use, Woods v. Murray, D.C.W.D.Pa., 80 F.Supp. 4; and that a corporation would not be permitted to oust a tenant to make room for the occupancy of one of its officers or stockholders, John J. Revoir Corporation v. Monsour, Mun.Ct. 61 N.Y.S.2d 777. In another New York case it was also held that the owner of only a fractional interest in property was not to be considered a landlord. Robinson v. Collins, 187 Misc. 359, 62 N.Y. S.2d 2. In no case cited to us has it been held that a trustee in the status of this particular plaintiff has a right to maintain a possessory action where rent controls exist. The only case we have found supporting the right of a trustee to sue is markedly different on the facts. Yaffe v. Lappin, 324 Mass. 254, 85 N.E.2d 770, 771. There the trustee had been the "settlor" or creator of the trust, the beneficiaries being his wife and two children. The court said, "The trust here was created by Yaffe for the benefit of his wife and children. In essence it was a family trust. He reserved to himself and his cotrustee *all the powers* in connection with the trust property *which an absolute owner would have.* He now seeks to use the trust property for the benefit of himself and his family, the latter having *the entire beneficial ownership in the trust* and, so far as appears, not objecting. * * In view of the provisions of the trust and its objects, we are disposed to hold that he may do so * * *." (Emphasis supplied.) Even a quick reading of the quoted language reveals the basic differences between that case and this.

Appellee relies (among others) on two decisions of this court. One is Hoffman v. Apostolic Works, D.C.Mun.App. 43 A.2d 848, 73 W.L.R. 854,[3] where a religious corporation was seeking possession of property for the use of constituent students it was obligated to house. Expressly limiting our decision to the particular circumstances of that case we affirmed a judgment of the trial court awarding possession to the plaintiff. In the other case, Manogue v. Heilbroner, D.C.Mun.App., 63 A.2d 876, 77 W. L.R. 694, because of the extreme illness of the plaintiff, a paralysis victim, and her urgent need for a nurse in immediate attendance, we ruled that she had a right to repossess a basement apartment in her building for the use of such nurse as an essential part of her household or family. We emphasized that the possession would be that of the owner and not the nurse.

In both of the cases just mentioned the suing plaintiff was the owner of the fee and clearly "entitled to receive rent" for the premises. Neither of such attributes can be claimed by this plaintiff. We think it clear that Congress in enacting the Rent Act did not intend that a tenant in possession could be ousted by one in the status of this particular plaintiff.

Reversed with instructions to enter judgment for defendant.

3. The Rent Act has since been amended so as to give the right of repossession when, "The landlord, being a recognized school or an accredited non-profit university, has a bona fide need for the premises for educational research, administrative, or dormitory use." Public Law 63, 82nd Congress, approved June 30, 1951, D.C.Code 1940, § 45–1605(b) (6).